**UNITED STATES of America,**
**Appellee,**

v.

**Richard SHABABB, Defendant–**
**Appellant.**

**No. 06–2868–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 6, 2008.

Anthony S. Barkow, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York (Daniel A. Braun, of counsel), New York, N.Y., for Appellee.

Bruce R. Bryan, Syracuse, N.Y., for Defendant–Appellant.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Richard Shababb, who pled guilty in the United States District Court for the Southern District of New York (Preska, *J.*) to one count of conspiracy to violate 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1343 (wire fraud), in violation of 18 U.S.C. § 371, wire fraud, in violation of 18 U.S.C. § 1343 and

2, and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, appeals his sentence of forty-eight months' imprisonment. We assume the parties' familiarity with the facts and procedural history of the case.

Appellant first contends that the sentencing judge erred in failing to grant a downward departure for duress, pursuant to U.S.S.G. § 5K2.12. "[A] refusal to downwardly depart is generally not appealable." *United States v. Valdez,* 426 F.3d 178, 184 (2d Cir.2005). The only exceptions occur "when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *Id.* Moreover, this Court applies "a presumption that district judges understand the much-discussed processes by which they may, in circumstances permitted by law, exercise discretion to depart from the sentence range prescribed by the Guidelines calculus." *United States v. Brown,* 98 F.3d 690, 694 (2d Cir.1996) (per curiam). "This presumption is overcome only in the rare situation where the record provides a reviewing court with clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority." *Id.* The transcript of the sentencing proceedings makes clear that Judge Preska understood the scope of her authority to depart, and, indeed, she cited our Court's decision in *United States v. Cotto,* 347 F.3d 441, 445–46 (2d Cir.2003), to describe the scope of her departure authority. Her discretionary decision not to depart downward is therefore not appealable.

Appellant also asserts that his sentence is substantively unreasonable. We review sentencing decisions for abuse of discretion. *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007).

Appellant's forty-eight month sentence was already well below the Guidelines range, and we do not think that Judge Preska abused her discretion in not departing further.

Accordingly, we AFFIRM the judgment of the district court.